IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. : 08-159 |
| v. | : | |
| JACQUELINE C. WRIGHT, | : | |
| Defendant. | : | FILED AUG 2 6 2008 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

### CONSENT ORDER OF FORFEITURE

WHEREAS a written plea agreement was filed with this Court and signed by defendant JACQUELINE C. WRIGHT (hereinafter "WRIGHT") and her counsel, Brian K. McDaniel, Esquire, in which WRIGHT agreed to plead guilty to a felony violation, that is, mail fraud, in violation of Title 18, United States Code, Section 1341;

WHEREAS the Information also alleged the forfeiture of certain property that is subject to forfeiture pursuant to Title 28, United States Code, Section 2461(c) (incorporating Title 18, United States Code, Section 981(a)(1)(C)), as property constituting, derived from, or traceable to proceeds obtained from WRIGHT's mail fraud scheme;

WHEREAS in her plea agreement, WRIGHT expressly agreed and consented to the entry of an Order of Forfeiture, under Fed. R. Crim. P. 32.2(b)(2), which concerns property subject to forfeiture, pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of WRIGHT's mail fraud scheme; and

WHEREAS the Court has determined, based on the evidence set forth during WRIGHT's guilty plea, that the "Subject Property" is subject to forfeiture pursuant to Title 28, United States Code, Section 2461(c)'s incorporation of Title18, United States Code, Section 981(a)(1)(C), and that the Government has established the requisite nexus between such property and violation of Title 18, United States Code, Section 1341;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C):

MONEY JUDGEMENT:

$184,021.03, which constitutes the amount of proceeds defendant derived from the mail fraud scheme.

2. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. No such notice is required to the extent that this Order consists solely of a money judgment against the defendant. Rule 32.2(c)(1). Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of this Consent Order of Forfeiture, pursuant to 18 U.S.C. § 982 (incorporating 21 U.S.C. § 853).

3. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

4. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 for the filing of third party petitions.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Timothy G. Lynch, Fraud & Public Corruption Section, 555 Fourth Street, NW, Washington, D.C. 20530.

Dated this _26th_ day of _August_, 2008.

_____
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

JEFFREY A. TAYLOR. (DC Bar. No. 498610)
UNITED STATES ATTORNEY

By: _____
TIMOTHY G. LYNCH (DC Bar No. 456506)
DAVID S. JOHNSON (D.C. Bar No. 477298)
Assistant United States Attorneys
Fraud and Public Corruption Section
555 Fourth Street, NW
Washington, D.C. 20530
(202) 353-4862
timothy.lynch2@usdoj.gov

_____              _____
JACQUELINE C. WRIGHT                        BRIAN K. McDANIEL, ESQUIRE
Defendant                                   Counsel for Defendant Wright